IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARCUS WAYNE FIELDS                                                                PLAINTIFF

      v.                          Civil No. 11-2189

SHERIFF HOLLENBECK; MEDICAL
STAFF, Sebastián County Sheriff's Office;
and RANDALL REED, Bailiff, Sebastian
County Sheriff's Office                                                            DEFENDANTS

## ORDER

      Plaintiff has filed a motion to appeal (Doc. 7) and a motion for appointment of an attorney (Doc. 9). In his motion for appeal (Dco. 7), Plaintiff states he ended up being injured at the hands of jail personnel and then was not taken to the hospital because there was only one deputy available to transport him. Plaintiff states he was told the rules required two deputies to be involved in the transport. The motion (Doc. 7) is denied. Whether this constitutes deliberate indifference to Plaintiff's serious medical needs is an issue that has not yet been resolved in this case.

      In his motion for appointment of counsel, Plaintiff states his knowledge of the law and litigation is very limited. Without the assistance of counsel, Plaintiff states he will not be able to meaningfully pursue his claims.

      In *Mallard v. United States District Court*, 490 U.S. 296 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be appointed if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of appointing counsel is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

After review of the complaint, it does not appear that either the facts or the claims are so complex that Plaintiff will be unable to adequately present his claims. Additionally, Plaintiff's claims for damages are straightforward.

Thus far, Plaintiff has been able to adequately set forth his claims. Plaintiff has been able to file motions seeking relief from the Court. The documents filed by Plaintiff have been easily understood by the Court. From what is currently before the Court, it appears the Plaintiff will be able to adequately investigate and present his case.

The motion for appointment of counsel (Doc. 9) is denied.

IT IS SO ORDERED this 16th day of February 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE