IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARCUS WAYNE FIELDS                                                                    PLAINTIFF

      v.                                   Civil No. 11-2189

RANDELL REED, Bailiff, Sebastian
County Sheriff's Office; DR. WILLIAM
HAYES; NURSE CHERYL McMAHAN;
and NURSE ASHLEY TURNER                                                                DEFENDANTS

## ORDER

Pending before me for decision are the following motions filed by the Plaintiff: (1) a motion to subpoena medical records (Doc. 33); (2) two motions for appointment of counsel (Docs. 34 & 46); (3) a motion for leave to proceed *in forma pauperis* (Doc. 35); and (4) a motion to compel a copy of the deposition transcript. The motions will be addressed in turn.

**Motion to Subpoena Medical Records** (Doc. 33)

In this motion, Plaintiff requests the following records: (1) his Arkansas Department of Correction (ADC) medical records from the East Arkansas Regional Unit; (2) copies of pictures taken by the Sheriff's Office; and (3) x-rays from the Sheriff's Office.

The motion (Doc. 33) is granted in part. The Court will issue a subpoena for medical records to the ADC. Accordingly, **the Clerk is directed to issue a subpoena to the Medical Records Custodian**: Corizon Medical Records, Attention Lorene Clairborne, ADC Administration Building, 6318 Princeton Pike Rd., Pine Bluff, AR 71602. The subpoena should require the production of the following:

>    all records, whether print or electronic, regarding the care, treatment, and diagnosis of Marcus Wayne Fields, ADC #150118, from January 1, 2011, to the present.

The subpoena should be served by certified mail, return receipt requested. The records shall be produced by **January 31, 2012**, with an affidavit from the records keeper to authenticate the records. The records should be delivered to United States District Court, Western District of Arkansas, Pro Se Office, 35 E. Mountain Room 510, Fayetteville, AR 72701

The requests for a subpoena for the remaining documents is denied. Plaintiff is advised to send requests for the production of documents to the Defendants.

**Motions for the Appointment of Counsel** (Docs. 34 & 46)

Plaintiff's two motions are identical. He states he has been unable to obtain counsel independently; his knowledge of the law is very limited and the issues are complex; and without the assistance of counsel he will be unable to meaningfully pursue his claims.

This civil rights action was filed *in forma pauperis* (IFP). In Mallard v. United States District Court, 490 U.S. 296 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be appointed if the district court determines it is necessary." Id.

The standard used in determining the necessity of appointing counsel is whether both the litigant and the court would benefit from the assistance of counsel. Id. "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" Id. (quoting, Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995)); see also Stevens v. Redwing, 146 F.3d 538, 547 (8th Cir. 1998); Bumgarner v. Malin, 97 F.3d 1456 (8th Cir. 1996); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

After review of the file, it does not appear that either the facts or the claims are so complex that Plaintiff will be unable to represent himself. Plaintiff has filed a variety of motions on his own behalf, has responded to motions filed by the Defendants, and has demonstrated an understanding of his claims. From what is currently before the Court, it appears the Plaintiff will be able to adequately investigate and present his case. The motions for appointment of counsel (Docs. 34 & 46) are denied.

**Motion for Leave to Proceed IFP** (Doc. 35)

This motion (Doc. 35) is denied as moot. By order entered on February 16, 2012 (Doc. 12), Plaintiff was granted IFP status.

**Motion to Compel a Copy of His Deposition Transcript** (Doc. 36)

Plaintiff requests a copy of his deposition transcript. The motion (Doc. 36) is granted. Defendants are directed to provide Plaintiff with a copy of the transcript by **January 18, 2013.**

IT IS SO ORDERED this 26th day of December 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE