IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARCUS WAYNE FIELDS                                                                           PLAINTIFF

       v.                               Civil No. 11-2189

RANDALL REED, Bailiff, Sebastian
County Sheriff's Office; DR. WILLIAM
HAYES; NURSE CHERYL McMAHAN;
and NURSE ASHLEY TURNER                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Arkansas Department of Correction (ADC), Cummins Unit, located in Grady, Arkansas. The claims in this case stem from a period of time when Plaintiff was incarcerated at the Sebastian County Detention Center (SCDC).

Defendants have filed a motion for summary judgment (Doc. 40). Plaintiff filed his response (Doc. 53). The motion is ready for decision.

### 1. Background

On September 1, 2011, Plaintiff was transferred from the ADC to the SCDC for trial on a pending state criminal charge. *Defendants' Exhibit* (*hereinafter Defts' Ex.*) 1 at pgs. 8 & 18. On or about September 14th, Plaintiff was taken to the Sebastian County Courthouse. *Id.* at pg. 8. He was placed in a small holding cell in order to meet with his attorney. *Id.* at pg. 8.

Plaintiff wore leg shackles and handcuffs. *Defts' Ex.* 1 at pg. 7. The handcuffs were attached to a belly chain. *Id.* Plaintiff was seated on a stool that had an upright pole containing a writing surface. *Id.*

When Plaintiff stood up, his leg shackles got caught on the stool pole causing him to fall backwards. *Defts' Ex.* 1 at pgs. 7 & 10. Plaintiff tried to keep his balance and said to Reed: "Will you please catch me, I'm falling backwards." *Id.* at pg. 11. According to Plaintiff, Reed just watched him fall backwards. *Id.*

Plaintiff tried to break his fall by putting his hands between his legs. *Defts' Ex.* 1 at pg. 11. He landed on his backside and came down on the knuckles of his right hand. *Id.* at pgs. 11 & 15. His immediately felt pain in his knuckles and they began swelling. *Id.* at pgs. 12 & 16-17. Plaintiff estimated that it took two or three minutes for him to fall because he was trying to catch his balance. *Id.* at pg. 12. He testified that Reed had time to catch him. *Id.* at pg. 13. Reed was standing in the doorway approximately three to five feet away. *Defts' Ex.* 1 at pg. 9.

After the fall, Reed assisted Plaintiff up. *Defts' Ex.* 1 at pg. 11. Plaintiff asked for medical treatment but was left in the holding cell for approximately thirty to forty-five minutes. *Id.* at pgs. 17-18. During part of this time period, Plaintiff was speaking to his attorney. *Id.* at pg. 18.

When he was back in the SCDC, Plaintiff maintains proper policy was not followed because no pictures were taken of his injuries. *Defts' Ex.* 1 at pg. 23. He was seen by the nurse, given Ibuprofen, and an ice pack. *Id.* Two or three hours later he was seen by Dr. William Hayes. *Id.* at pg. 25. The doctor examined his hand, asked if it hurt, and prescribed Tylenol or Ibuprofen, ice packs, and an Ace bandage. *Id.* at pgs. 25-26.

Plaintiff asked for an x-ray but states he was told they needed two deputies to transport him for x-rays and only one deputy was available. *Id.* at pgs. 23-24. The following day, Plaintiff was transported back to the ADC. *Id.* at pg. 26. He was seen in the infirmary that day. *Id.* at pg. 27. He was given Ibuprofen for pain and an x-ray was scheduled to be taken in two or three weeks. *Id.* at pg. 28. Plaintiff does not know what these x-rays showed. *Id.* Recently, his wrist had been x-rayed and it showed "two separations." *Id.* at pg. 29.

Plaintiff's deposition was taken on July 26, 2012. *Defts' Ex.* 1. At that time, he still had an ace bandage on his right hand and wrist. *Id.* at pg. 15. He had also been given a prescription for one-armed duty. *Id.* Plaintiff had been referred to an orthopedic surgeon because he had "two separations" in his wrist. *Id.* at pg. 16.

Plaintiff's claim against Reed is based on his failure to catch the Plaintiff and prevent the fall. *Defts' Ex.* 1 at pg. 7. His claim against the medical staff is based on their failure to order x-rays. *Id.* at pg. 31. He is suing the County because of what the medical staff "didn't do." *Id.* at pg. 32. Specifically, their failure to take pictures of the injury and their failure to order x-rays. *Id.* at pg. 33.

**2. Summary Judgment Standard**

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue

of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3.  Discussion

Defendants move for summary judgment on the following grounds: (1) at most, the claims against Reed amount to a negligence claim which is not actionable under § 1983; (2) Plaintiff's claims against the medical staff fail because he merely disagrees with the treatment they ordered; (3) no actionable theory of liability has been stated on the part of Sebastian County; and (4) Defendants are entitled to qualified immunity.

**A.  Claim Against Defendant Reed**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).   The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

"The Eighth Amendment standard for conditions of confinement is whether the defendants acted with deliberate indifference." *Davis v. Oregon County, MO.,* 607 F.3d 543, 548 (8th Cir. 2010). To prevail on an Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "A prison official is deliberately indifferent if he knows of and disregards a substantial risk of serious harm to an inmate." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more even that gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488*,* 499 (8th Cir. 2008)(internal quotation marks and citations omitted).

In *Reynolds* one of the claims asserted was against five officers who the Plaintiff maintained "were deliberately indifferent to his safety by parking the prison van too close to the sally port pit and by failing to help him exit the van, which resulting in his falling approximately five feet into the pit and sustaining injuries." *Reynolds*, 636 F.3d at 678-79. The Eighth Circuit held that no claim was stated against the officers who were in the vicinity of the accident. *Id.* at 980. The officers were not personally involved in, or had direct responsibility for, the incidents that injured him. *Martin*

*v. Sargant*, 780 F.2d 1334, 1338 (8th Cir. 1985). In the circumstances of this case, Reed at most was negligent in failing to act quickly enough to catch the Plaintiff. Defendant Reed is entitled to judgment in his favor.

### B. Claim against the Medical Staff Defendants

"Under the Eighth Amendment's proscription against cruel and unusual punishments, prison officials must provide medical care to inmates." *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008)(internal quotation marks and citation omitted). "A prison's medical staff violates the Eighth Amendment if they commit acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Meuir v. Green County Jail Employees*, 487 F.3d 1115, 1118 (8th Cir. 2007)(internal quotation marks and citation omitted). To establish a prima facie case, Plaintiff must demonstrate that: (1) he suffered from an objectively serious medical need; and (2) Defendants actually knew of, but deliberately disregarded, that need. *Id.*

The decision of what diagnostic tests are necessary is one ordinarily left to the judgment of medical personnel. *See e.g., Estelle v. Gamble*, 429 U.S. 97, 107 (1976)(where medical personnel saw inmate 17 times in 3 months and treated back strain with bed rest, muscle relaxants, and pain relievers, their failure to x-ray inmate's back or implement other diagnostic techniques or treatment was not deliberate indifference). In this case, Plaintiff was seen, given pain relieving medication, ice packs, and an ace bandage. The following day he was transferred to the ADC. There is no evidence of deliberate indifference on the medical staff's part. *See e.g., Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996)(prison officials do not violate Eighth Amendment when, in exercise of their professional judgment, they refuse to implement inmate's requested course of treatment).

Furthermore, "[a] prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that [these] delays adversely affected his prognosis." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011)(internal quotation marks and citation omitted). In this case, Plaintiff was only under the care of the medical staff for less than twenty-four hours following his injury. He had no other interaction with them. Plaintiff has presented no evidence that any delay attributable to the medical Defendants adversely impacted his prognosis.

### C. Sebastian County

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). A governmental entity may not "be held liable on a *respondeat superior* theory, that is solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, MO,* 709 F.3d 1201, 1214 (8th Cir. 2013)(citation omitted).

Governmental liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Social Services*, 436 U.S. 658, 664 (1978). In this case, Plaintiff seeks to impose liability on Sebastian County because of the failure of the medical Defendants to take pictures of his injuries pursuant to the jail's policy.[1] Even if it is assumed the policy does require this, "a single deviation from a written, official policy does not prove a conflicting custom." *Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991). Plaintiff cannot establish any basis for governmental liability.

---

[1] No written policy has been submitted to the Court.

### 4.  Conclusion

For the reasons stated, I recommend that Defendants' motion for summary judgment (Doc. 40) be granted and this case dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of August 2013.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE